**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5426-16T1

IN THE MATTER OF THE APPEAL
OF THE DENIAL OF W.R.'S
APPLICATION FOR A FIREARMS
PURCHASER IDENTIFICATION
CARD (FPIC) AND HANDGUN
PURCHASE PERMIT (HPP).

Submitted October 31, 2018 – Decided January 30, 2019

Before Judges Alvarez and Reisner.

On appeal from Superior Court of New Jersey, Law Division, Bergen County.

Evan F. Nappen, attorney for appellant W.R. (Louis P. Nappen, on the briefs).

Dennis Calo, Acting Bergen County Prosecutor, attorney for respondent State of New Jersey (William P. Miller, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Appellant W.R. appeals from the June 23, 2017 Law Division order upholding a municipal police department's denial of his application for a New

Jersey Firearms Purchaser Identification Card (FPIC) and Handgun Purchase Permit (HPP). We affirm.

The detective in charge of processing W.R.'s application through the Allendale Police Department learned that W.R. had the following contacts with the system: a 1982 arrest for simple assault, a charge later dismissed; in 1997, a Division of Youth & Family Services (DYFS) (now Division of Child Protection and Permanency) caseworker report to police that W.R.'s then-nine-year-old daughter was left alone in his home; a DYFS caseworker 1998 report to police that W.R.'s wife had abused their daughter; a DYFS caseworker 2002 report to police that W.R. had assaulted his daughter and his wife, resulting in W.R.'s arrest and the issuance of a temporary restraining order under the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 to -35, which was dismissed; in 2002, W.R. appeared at the police station and asked to speak to someone about a domestic dispute with his wife; a 2003 police visit to W.R.'s home because of a call about a verbal altercation between him and his wife; and in 2003, because W.R.'s daughter reported that he had struck her and her mother, DYFS temporarily relocated the family.

The detective also testified at the Law Division hearing that his record request regarding W.R.'s mental health history resulted in an indication by the

Bergen Regional Medical Center (BRMC) that he had a record of "admission, commitment, or treatment" with the facility. The detective later determined that no actual records were available[1] and that BRMC could only confirm that an appointment had been scheduled. When W.R.'s counsel attempted to follow up, the facility again responded that no records were available. In addition to the State application forms, W.R. completed an additional questionnaire created by the department.

Based on the totality of the information, the detective forwarded a letter to his chief recommending denial of the application. Accordingly, a letter was sent to W.R. advising that his application had been denied. The reason given was N.J.A.C. 13:54-1.5(a)(5), which mirrors N.J.S.A. 2C:58-3(c)(5), that approval would be contrary to the interests of "public health, safety or welfare." It was signed by the department's chief of police. The letter did not invite W.R. to meet with him to discuss the application further.

At the hearing, after the detective's testimony, the judge swore in W.R. When he began to ask questions, counsel stopped the process and said W.R. was exercising his Fifth Amendment right not to testify. The court, W.R., and W.R.'s counsel engaged in the following colloquy:

---

[1] Nothing we have seen in the record even indicates a year.

[Defense counsel]:  Oh, Your Honor, if I didn't -- I object to that -- to this questioning, based on my client has Fifth Amendment rights and other things that I feel he should not -- he does not want to take the stand.

THE COURT:  He has Fifth Amendment, so is he going to be asserting his Fifth Amendment right?

[Defense counsel]:  Are you asserting you[r] Fifth Amendment right, [W.R.], not to testify today?

[W.R.]:  Yes.

THE COURT:  Okay.

[Prosecutor]:  Your Honor, this is civil --

THE COURT:  On the grounds that something he might say might incriminate him?

[Defense counsel]:  Well, they're raising allegations of things that have been written into his -- that he checked off on reports and that --

[Prosecutor]:  There is no criminal case against [W.R.] and --

THE COURT:  Is this with respect to certain questions on the [FPIC] application for which there may be an issue as to whether or not some of them may have been knowingly falsified?

[Defense counsel]:  That could be it, one of the issues.

THE COURT:  Well, I'm asking you, is that --

4

[Defense counsel]:    Yes, that is one -- that has been raised.

At the close of the hearing, the judge found as a fact that there was "a significant history of violence" within W.R.'s home spanning the years between 1997 and 2003, and noted the earlier arrest for simple assault. The history of domestic violence within the home included W.R.'s daughter—now an adult who lived with her parents. The judge also noted that there was a documented contact with BRMC, although the details were unknown. He found, based on the officer's credible testimony, that W.R.'s receipt of an FPIC and HPC "would not be in the interest of the public health, safety or welfare" pursuant to statute.

On appeal, appellant raises the following contentions:

> POINT 1
> THE COURT BELOW ERRED BY BASING ITS DECISION SOLELY UPON HEARSAY OR SPECULATION CONTRARY TO DUBOV, WESTON AND ONE MARLIN RIFLE.
>
> POINT 2
> APPELLANT WAS DENIED DUE PROCESS IN OFFENSE TO N.J.S. 2:58-3F AND Z.K., AND THE ALLENDALE POLICE CHIEF SHOULD BE FOUND TO HAVE DENIED APPELLANT DUE PROCESS SINCE THE CHIEF ACTED IN VIOLATION OF THE REGULATORY PROVISIONS RELATING TO FIREARM PERMIT APPLICATIONS (UNDER N.J.S. 2C:39-10) AND OFFICIAL MISCONDUCT (UNDER N.J.S. 2C:30-2).

a.     Appellant was denied procedural Due Process in offense to N.J.S. 2C:58-3f and Z.K.

b.     The Allendale Police Chief should be found to have acted in violation of the regulatory provisions relating to firearm permit applications (under N.J.S. 2C:39-10) and official misconduct (under N.J.S. 2C:30-2), thereby depriving appellant of equal and fair procedural Due Process.

c.     The Allendale issuing authority failed to provide in its denial letter an actual statutory basis for denial in offense to Due Process and Weston.

d.     The Allendale Police Chief erred ab initio by failing to conference with the applicant prior to denying him.

POINT 3
APPELLANT SHOULD NOT BE DENIED HIS FUNDAMENTAL, INDIVIDUAL, CONSTITUTIONAL RIGHT TO KEEP ARMS FOR A REASON THAT DOES NOT RISE ABOVE RATIONAL BASIS, IS VAGUE AND/OR OVERBROAD, CONSTITUTES AN UNCONSTITUTIONAL BALANCING-TEST, AND DOES NOT PROVIDE A DUE PROCESS FORM OF REDRESS.

a.     The Court below erred by not basing its finding upon a longstanding prohibition on the possession of firearms, and by applying mere rational basis review to deny Appellant his individual, fundamental right.

b.     "In the interest of public health, safety or welfare" is unconstitutionally vague or overbroad.

A-5426-16T1

c. "In the interest of public health, safety or welfare" provides unconstitutional Due Process notice and provides no Due Process form of redress.

We conclude that appellant's contentions are without sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(1)(E). We add the following brief comments.

"[A] judicial declaration that a defendant poses a threat to the public health, safety or welfare involves by necessity, a fact-sensitive analysis." State v. Cordoma, 372 N.J. Super. 524, 535 (App. Div. 2004). In reviewing such determinations, we accept the trial court's fact findings so long as they are supported by substantial credible evidence. In re Return of Weapons to J.W.D., 149 N.J. 108, 116-17 (1997). As always, our review of the trial court's legal determinations is de novo. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

The thrust of W.R.'s points of error center on his claim that the criminal history relied upon by the trial judge should have been inadmissible because it was hearsay. Since at least Weston v. State, 60 N.J. 36 (1972), a residuum of legally competent evidence makes hearsay admissible in some cases, and may be employed in the State's presentation in a firearms permit appeal. Pursuant to the residuum rule, such hearsay is admissible so long as the "ultimate finding or

7

findings of material facts" could be reasonably made. See Ruroede v. Borough of Hasbrouck Heights, 214 N.J. 338, 359-60 (2013). In this case, the documentation provided by the State sufficed to make the hearsay admissible. Therefore, the judge's findings, which were based upon W.R.'s domestic violence, DYFS, and arrest history even though no actual convictions resulted, were not based solely upon hearsay. As we have also said, that charges were dismissed does not prevent us from considering the underlying facts in this type of hearing. In re Osworth, 365 N.J. Super. 72, 78 (App. Div. 2003).

Turning briefly to W.R.'s contention that he was denied due process because the Allendale police chief failed to meet with him, there is no question that the Court has required, beginning with Weston, that the chief of police extend to the person whose application has been denied the opportunity to discuss the matter. 60 N.J. at 43-44. We do not endorse the chief's failure to meet the unsuccessful applicant, but note further that a trial court's de novo hearing "compensates constitutionally for procedural deficiencies before the administrative official." Id. at 45-46. Additionally, the reason for denial was stated in the letter.

We decline to consider W.R.'s constitutional arguments and note that in any event, they have been previously disposed of. In re Winston, 438 N.J. Super.

1, 10 (App. Div. 2014); see also In re Forfeiture of Pers. Weapons & Firearms Identification Card Belonging to F.M., 225 N.J. 487, 506-08 (2016).

Finally, it bears mention that the Law Division judge could have relied upon W.R.'s exercise of his Fifth Amendment right not to testify during the hearing as a basis for drawing a negative inference against him. Although the law does not mandate an adverse inference, it is permissible. Bldg. Materials Corp. of Am. v. Allstate Ins. Co., 424 N.J. Super. 448, 474 (App. Div. 2012). In this case, once counsel indicated that the basis for the exercise of the Fifth Amendment privilege was W.R.'s responses on the application, the adverse inference was available to the judge. Since it concerned key matters related directly to W.R.'s eligibility to possess firearms in this state, it would have been appropriate to draw an adverse inference. Ibid.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5426-16T1